T.C. Summary Opinion 2007-93

UNITED STATES TAX COURT

PAUL CHRISTOPHER AND KANDL LEI ROBINSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23305-05S.                    Filed June 11, 2007.

Paul Christopher and Kandl Lei Robinson, pro sese.

<u>C. Teddy Li</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' 2002 and 2003 Federal income taxes of $2,928 and $2,139, respectively. After concessions,[1] the issue for decision is whether petitioners are entitled to charitable contribution deductions.

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits, as well as an additional exhibit introduced at trial, are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Clarksville, Maryland.

Petitioners timely filed joint 2002 and 2003 Federal income tax returns. On their 2002 return, petitioners reported adjusted gross income of $79,864 and claimed a $20,900 deduction for cash contributions. On their 2003 return, petitioners reported adjusted gross income of $72,937 and claimed a $20,511 deduction for cash contributions.[2] Respondent issued petitioners a notice of deficiency in September 2005 disallowing $19,400 of the deductions claimed for 2002 and $19,011 of the deductions claimed

---

[1] For 2002, respondent concedes that petitioners are entitled to expense deductions claimed on Schedule E, Supplemental Income and Loss.

[2] Petitioners also claimed $2,650 in noncash contributions on their 2003 return. Respondent allowed this noncash contribution deduction, and therefore it is not at issue.

for 2003.  Thus, the notice of deficiency allowed $1,500 as a cash contribution deduction for each of the years in issue.

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners have neither alleged that section 7491(a) applies nor established their compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests. Petitioners therefore bear the burden of proof.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 170(a) allows as a deduction any charitable contribution made within the taxable year. Deductions for charitable contributions are allowable only if verified under the regulations prescribed by the Secretary. Sec. 170(a)(1). In general, the regulations require the taxpayer to maintain for each contribution of money one of the following:  (1) A canceled

check; (2) a receipt from the donee;[3] or (3) in the absence of a check or receipt, other reliable written records.[4] Sec. 1.170A-13(a)(1), Income Tax Regs. The taxpayer must establish the reliability of the written records. Sec. 1.170A-13(a)(2)(i), Income Tax Regs. Any contribution of $250 or more shall not be allowed unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgement of the contribution by the donee organization.[5] Sec. 170(f)(8).

Petitioners contend they made substantial charitable cash contributions in 2002 and 2003 with money they received from refinancing their house and gifts they received from family. Aside from minimal receipts and written acknowledgments of contributions, petitioners did not provide any canceled checks or other written records of their claimed contributions. In this connection, the record is unclear as to the basis of respondent's allowance of deductions for cash contributions for each of the years in issue.

---

[3] A receipt should include the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1)(ii), Income Tax Regs.

[4] A reliable written record should include the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1)(iii), Income Tax Regs.

[5] The written acknowledgement must state the amount of cash and a description (but not necessarily the value) of any property other than cash the taxpayer donated and whether any consideration was given to the taxpayer. Sec. 1.170A-13(f)(2), Income Tax Regs.

When a taxpayer establishes that he has incurred a deductible expense but is unable to substantiate the exact amount, we are generally permitted to estimate the deductible amount.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  To apply the Cohan rule, however, the Court must have a reasonable basis upon which an estimate can be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Based on all of the facts and circumstances, we do not accept petitioners' testimony as a reasonable basis for estimating additional deductions.  We therefore limit additional deductions to those that petitioners specifically documented.

For tax year 2002, petitioners provided a letter from Turner Construction (Paul Robinson's employer) confirming a $50 contribution made to the University of Maryland College Park Foundation under the company's gift-matching program,[6] and a receipt for a $7 donation to Habitat for Humanity.  Based on this substantiation, respondent's determination on this issue is sustained except that petitioners are entitled to an additional $57 deduction above the $1,500 allowed by respondent for 2002.

For tax year 2003, petitioners provided a receipt for a $52 contribution to the Leukemia and Lymphoma Society.  They also

---

[6] Petitioners also provided a letter from the University of Maryland dated May 15, 2003, acknowledging a $25 contribution made by petitioners in 2002, but the letter from Turner dated June 24, 2003, acknowledging $50 in contributions appears to be inclusive of that amount.

provided an acknowledgment of a $2,100 contribution to the Colesville Council of Community Congregations.  It is not clear whether the purported contribution was cash or noncash, since the receipt indicates that $2,100 is the "value according to donor".  As noted supra note 2, petitioners claimed a $2,650 deduction for noncash contributions, which was allowed, and is not at issue.  Petitioners did not provide a copy of the Form 8283, Noncash Charitable Contributions, showing that the $2,100 contribution has not already been allowed, and they have otherwise failed to meet the substantiation requirements for a contribution greater than $250.  Based on the foregoing, respondent's determination is sustained except that petitioners are entitled to an additional $52 deduction above the $1,500 respondent allowed for cash charitable contributions for 2003.

Petitioners have otherwise failed to substantiate the remaining claimed contribution deductions for either year.

To reflect the foregoing,

Decision will be entered under Rule 155.